CITY OF FORT WORTH et al. v. WESTERN UNION TELEGRAPH CO.*

No. 7798.

Circuit Court of Appeals, Fifth Circuit.

Jan. 2, 1936.

R. E. Rouer and R. M. Rowland, both of Fort Worth, Tex., for appellants.

John W. Miller and W. H. Flippen, both of Dallas, Tex., for appellee.

Before SIBLEY and HUTCHESON, Circuit Judges, and STRUM, District Judge.

SIBLEY, Circuit Judge.

This case was tried in the District Court and argued here with City of Fort Worth et al. v. Southwestern Bell Telephone Company (C.C.A.) 80 F.(2d) 972. It does not differ materially. An ordinance of the city passed June 5, 1888, appears in the record which purports to grant to the

telegraph company the right to construct a line of wire along certain streets and fixes the location of poles and the height of wires. The act of 1874 (Rev.St.Tex.1925, art. 1416 et seq.) discussed in the Telephone Company's Case was in force. It does not appear that the telegraph company accepted the ordinance or acted under it. Its occupancy of the streets is not necessarily referred to the ordinance for the statute better authorizes it. It in fact occupies only some of the streets named in the ordinance, and occupies a number not named in it. We think the ordinance of no weight in the case, and that the statute is the important thing as in the other case.

A point is made on the provision of Rev.St.1925, art. 5517: "The right of the State shall not be barred by any of the provisions of this title, nor shall any person ever acquire, by occupancy or adverse possession, any right or title to any part or portion of any road, street, sidewalk or grounds which belong to any town, city or county," etc. This article is a part of title 91 relating to limitations. It prevents the acquisition of a title by prescription or limitation against the state and its subdivisions, or a right to maintain any encroachment upon the streets because of its long continuance. The right or title of the telegraph company here rests on no such basis, but is acquired by virtue of the statute which gives it. Occupancy merely operates to accept the statutory offer and to define and locate its application.

For the reasons stated in the case of City of Fort Worth v. Southwestern Bell Telephone Company, we are of opinion that the court rightly retained the bill, but wrongly decreed an injunction. The cause is reversed and remanded with direction to enter a decree denying relief.